Filed 7/14/22  P. v. Thompson CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### COURT OF APPEAL, FOURTH APPELLATE DISTRICT

### DIVISION ONE

### STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>TRAVIS RAY THOMPSON,<br><br>    Defendant and Appellant. | D079336<br><br><br><br>(Super. Ct. No. JCF12948) |

APPEAL from an order of the Superior Court of Imperial County, Poli Flores, Jr., Judge.  Affirmed.

Travis Ray Thompson, in pro. per.; and Nancy J. King, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2003, Travis Ray Thompson was an inmate in a state prison in Imperial County.  He was convicted of assault by a prisoner (Pen. Code,[1] § 4501) and possession of a weapon by a prisoner (§ 4502, subd. (a)).

---

[1]    All further statutory references are to the Penal Code.

In a separate case, Thompson was convicted of assault with a deadly weapon (§ 245, subd. (a)(1)). There were true findings on one serious felony prior conviction (§ 667, subd. (a)) and two strike priors (§ 667, subds. (b)-(i)). Thompson was sentenced to 25 years to life plus five years in prison.

Thompson appealed his convictions, and this court affirmed the convictions in two unpublished opinions. (*People v. Thompson* (Jan. 26, 2005, D042750); *People v. Thompson* (Aug. 12, 2005, D044829).)

In 2020, Thompson filed a motion for resentencing and for a *Franklin*[2] hearing.

The trial court appointed counsel and later granted Thompson's request for self-representation. The court appointed advisory-counsel to assist Thompson.

After hearings on the motion, the trial court denied the motion for resentencing.

Thompson filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Thompson the opportunity to file his own brief on appeal. Thompson has responded by filing a supplemental brief. We will discuss his submission below.[3]

---

[2] *People v. Franklin* (2016) 63 Cal.4th 261, provides opportunities for certain youthful offenders to prepare a record for future parole consideration.

[3] The facts of the 2003 offenses are set forth in our two prior opinions. There is no need to repeat them here.

2

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible issue that was considered in evaluating the potential merits of this appeal: Did the trial court err in refusing to consider Thompson's motion as a request for resentencing?

In his supplemental brief, Thompson complains about the assistance he received in the trial court and on appeal. He says the attorney in the trial court was ineffective for not developing a better record, counsel was both ineffective and corrupt. The correctional officers were corrupt at the trial. Thomson's allegations about the 2003 trial, the circumstances around his convictions do not raise arguable issues for reversal of this order on appeal.

We have reviewed the entire record as required by *Wende* and *Anders.* We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Thompson on this appeal.

## DISPOSITION

The order denying Thompson's motion for resentencing is affirmed.


HUFFMAN, Acting P. J.

WE CONCUR:



AARON, J.



DATO, J.